UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK BANKS,

                Plaintiff,

         -against-

SCOOTER BRAUN; BIG MACHINE
RECORDS; CENTRAL INTELLIGENCE
AGENCY; GINA HASPEL,

                Defendants.

19-CV-6591 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated at the Allegheny County Jail, brings this action *pro se* on his own behalf and as a "next friend" to Taylor Swift. (ECF No. 2 at 1.) Plaintiff seeks leave to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Banks v. Tibco*, No. 14-CV-5270 (LAP) (S.D.N.Y. Oct. 15, 2014); *see also Banks v. U.S. Marshal*, 274 F. App'x 631, 634-35 (10th Cir. 2008) (finding that Plaintiff accumulated four strikes and is barred from proceeding IFP while a prisoner); *Banks v. Unknown Named Number of U.S. Postal Inspectors*, No. 13-CV-1198, 2013 WL 5945786, at *4 (W.D. Pa. Nov. 6, 2013) (noting that Plaintiff has filed hundreds of federal lawsuits and that his attempts to proceed IFP have been barred under 28 U.S.C. § 1915(g) in at least fifteen cases). Those orders relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff challenges an allegedly "unlawful FISA warrant." (ECF No. 2 at 8.) Plaintiff is therefore barred from filing this action IFP.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 23, 2019
        New York, New York

                                      COLLEEN McMAHON
                                   Chief United States District Judge